## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN HUNTER,<br>828 Ruben Kehrer Road<br>Muncy, PA 17756 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: |
| M-B COMPANIES, INC. a/k/a M-B<br>COMPANIES, INC. OF WISCONSIN<br>79 Montgomery Street<br>Montgomery, PA 17752 | ) ) ) ) ) | |
| Defendant. | ) ) | |

### <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367 1441, and 1446, Defendant M-B Companies, Inc. ("M-B Companies") (incorrectly referred to as being "a/k/a M-B Companies, Inc. of Wisconsin") hereby removes the above-entitled case from the Court of Common Pleas for Philadelphia, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice, M-B Companies states as follows:

1.     On September 26, 2019, Plaintiff commenced a civil action captioned as *Ryan Hunter v. M-B Companies, Inc. a/k/a M-B Companies, Inc. of Wisconsin*, Case No. 190900662 (the "Complaint") in the Court of Common Pleas for Philadelphia, Pennsylvania.

2.     On September 27, 2019, Plaintiff served M-B Companies with a copy of the Complaint, which is attached hereto as Exhibit A.

3.     Plaintiff's Complaint consists of two counts.  Count I alleges "Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*." and Count II alleges "Violations of the

Pennsylvania Wage Payment & Collections Law ("WPCL") 43 P.S. 260.1, *et seq.*" *See* Exhibit A.

4.      As set forth below, this Court has subject matter jurisdiction over this matter and removal is otherwise timely and proper.

5.      As set forth in more detail below, this Court has removal jurisdiction over Plaintiff's entire Complaint. Specifically, the Court has federal question jurisdiction over Count I and supplemental jurisdiction over Count II, as well as diversity jurisdiction over both Counts I and II.

## Federal Question Jurisdiction

6.      This action is subject to removal to this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as it contains a claim for violations of the Fair Labor Standards Act, as amended (29 U.S.C. § 201 *et seq.*).

7.      Removal of a claim under the Fair Labor Standards Act (Count I of Plaintiff's Complaint) is proper because this Court would have original jurisdiction over such claim pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. *See, e.g., Lyon v. Whisman,* 45 F.3d 758, 759 (3d Cir. 1995).

## Diversity Jurisdiction

### Complete Diversity of Citizenship of the Parties

8.      A defendant may also remove an action on the basis of diversity of citizenship jurisdiction if there is complete diversity between all named plaintiffs and all named defendants, and no properly named defendant is a citizen of the forum state and the amount in controversy exceeds $75,000. *See, e.g., Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005); 28 U.S.C. § 1332.

DocID: 4830-1852-1257.3

9.      Plaintiff alleges in his Complaint that he resides at 828 Ruben Kehrer Road, Muncy, PA, 17756.  *See* Ex. A, at ¶ 3. Upon information and belief, Plaintiff has resided in Muncy, Pennsylvania at all relevant times, and it is the place to which he has the intention of returning whenever he is absent.  *See* Affidavit of Timothy Stadler, attached hereto as Exhibit B, at ¶ 5; *see also Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (noting that a party's citizenship is determined by his domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.").  Accordingly, upon information and belief, Plaintiff is a citizen of the state of Pennsylvania, as he resides and is domiciled in Muncy, Pennsylvania.

10.      Plaintiff named only one defendant, M-B Companies, Inc., in his Complaint.  The citizenship of a corporation is determined by both the state of its incorporation and its "principal place of business." 28 U.S.C.  § 1332(c)(1). Defendant is incorporated under the laws of Wisconsin and has its principal place of business in Wisconsin. *See* Affidavit of Timothy Stadler, attached hereto as Exhibit B, at ¶ 6. Accordingly, Defendant is a citizen of Wisconsin.

11.      Complete diversity of citizenship exists here because Plaintiff is a citizen of Pennsylvania and Defendant has established that it is a citizen of Wisconsin.

### Amount in Controversy Exceeds $75,000.00

12.      Plaintiff expressly seeks judgment in his favor "in the total amount of $526,571.78, representing $234,031.90 in unpaid overtime, $234,031.90 in FLSA liquidated damages, and $58,507.90 in liquidated damages under the [Pennsylvania Wage Payment & Collection Law], together with attorneys' fees, costs, and such additional relief as this Court deems proper."  Exhibit A at "WHEREFORE" paragraphs on pages 7-8.

DocID: 4830-1852-1257.3

13.     The amount in controversy in this matter expressly exceeds $75,000.00. *See, e.g., Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (for purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

14.     Defendant denies Plaintiff is entitled to any such recovery and expects that it will prevail fully in this matter. However, as a threshold jurisdictional matter, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

### Supplemental Jurisdiction

15.     Plaintiff also raises a claim under the Pennsylvania Wage Payment and Collection Law ("WCPL"), 43 P.S. 260.1, *et seq.* in Count II of his Complaint.

16.     The Court should take supplemental jurisdiction over Count II of Plaintiff's Complaint because it is "so related to [Count I] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

17.     To wit, Plaintiff appears to assert the exact same alleged violations of wage and hour law under both Counts I and II. Plaintiff also appears to assert the exact same damages in Count II.

18.     Counts I and II are so clearly the same claim, stated differently, that Count II, under state law, takes up barely seven lines of an eight-page Complaint, two of which are to incorporate the entirety of Plaintiff's FLSA claim by reference. Thus, it is evident from a review of Plaintiff's Complaint that Counts I and II are "merely alternative theories of recovery based on the same acts" making supplemental jurisdiction appropriate as they form a common nucleus

DocID: 4830-1852-1257.3

of operative fact. *Whisman,* 45 F.3d at 761 (quoting *Lentino v. Fringe Employee Plans, Inc.,* 611 F.2d 474, 479 (3d Cir.1979)).

19.     There is no basis for the Court to decline supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(c).

**Procedural Requirements for Removal Are Met**

20.     Pursuant to 28 U.S.C. § 1446(b), M-B Companies has 30 days from service of process of the Complaint to seek removal of the action to this Court.  Accordingly, this Notice of Removal is timely filed.

21.     A copy of Plaintiff's Complaint and all process, pleadings, and orders served upon M-B Companies is attached hereto as Exhibit A as required by 28 U.S.C. § 1446(a).

22.     Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of Court for the Court of Common Pleas for Philadelphia, Pennsylvania.  Copies of such notices are attached hereto as Exhibit C.

23.     M-B Companies submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

24.     M-B Companies reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant M-B Companies, Inc. prays that the above-referenced action now pending in the Court of Common Pleas for Philadelphia, Pennsylvania, Case No. 190900662, be removed in its entirety to this Court, as provided by law, and pursuant to 28

5

U.S.C. § 1446(d), that the Court of Common Pleas for Philadelphia, Pennsylvania proceed no further unless and until the case is remanded.

Respectfully submitted,

By: _Heather Zalar Steele_

Heather Zalar Steele
FISHER & PHILLIPS LLP
150 N. Radnor Chester Road, Ste. C300
Radnor, PA 19087
Telephone:  (610) 230-2134
Facsimile: (610) 230-2151
hsteele@fisherphillips.com

*Local Counsel for Defendant*

Hillary L. Klein*
HUSCH BLACKWELL LLP
736 Georgia Ave.
Chattanooga, TN  37402
Telephone:  (423) 266-5500
Facsimile: (423) 266-5499
hillary.klein@huschblackwell.com

Laura L. Malugade*
HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, WI  53202-3819
Telephone:  (414) 978-5497
Facsimile: (414) 223-5000
laura.malugade@huschblackwell.com

*Pro hac vice* motions to be filed

*Lead Counsel for Defendant*

6