## S<small>ETTLEMENT</small> A<small>GREEMENT</small>, R<small>ELEASE</small>, A<small>ND</small> W<small>AIVER</small> O<small>F</small> C<small>LAIMS</small>

This is a S<small>ETTLEMENT</small> A<small>GREEMENT</small>, R<small>ELEASE</small>, A<small>ND</small> W<small>AIVER</small> O<small>F</small> C<small>LAIMS</small> ("FLSA Settlement Agreement") by and between Ryan Hunter ("Hunter" or "Plaintiff") and Defendant M-B Companies, Inc. ("M-B" or "Defendant") (Plaintiff and Defendant are collectively referred to as "the parties").

WHEREAS, this FLSA Settlement Agreement resolves the Fair Labor Standards Act claim that Plaintiff asserted in a lawsuit he filed against M-B in the Court of Common Pleas, Philadelphia, Pennsylvania as Case No. 190900662, and that M-B removed to the United States District Court for the Eastern District of Pennsylvania as Case No. 2:19-cv-04838-LAS ("Pending Lawsuit");

WHEREAS, the parties agree that Plaintiff's FLSA claim was contested in nature: M-B denied and continues to deny that the Pending Lawsuit has merit;

WHEREAS, in an effort to avoid the expense and hassle of litigation, the parties have agreed to resolve the Pending Lawsuit. The agreement extends to any and all claims, demands, and/or causes of action ("claims") Plaintiff asserted or could have asserted pursuant to the FLSA regarding his employment with M-B, including but not limited to any and all FLSA claims Plaintiff asserted or could have asserted in the Pending Lawsuit, and including but not limited to any and all FLSA claims Plaintiff has, or may have had, against M-B and/or any Company Affiliate. As used in this Agreement, the term "Company Affiliate" shall include any and all past, present or future parent entities, subsidiaries, divisions, affiliates or related business entities, successors, assigns, assets, and employee benefit plans or funds of M-B, and any and all other persons and/or entities currently and/or formerly affiliated with or related to M-B, including but not limited to any and all past, present and/or future owners, directors, officers, fiduciaries, agents, trustees, administrators, attorneys, employees, insurers, shareholders, and assigns, whether acting on behalf of M-B or in their individual capacities.

NOW, THEREFORE, the parties agree as follows:

1. <u>Defendant's Agreement</u>. M-B agrees to issue the following checks within 10 days of the Effective Date:

(a) A check to Plaintiff in the amount of $19,669.50, less applicable deductions and withholdings in accordance with Plaintiff's most recent Form W-4, which amount represents Plaintiff's claimed but disputed lost wages and which amount M-B will include on Plaintiff's W-2.

(b) A check to Plaintiff in the amount of $19,669.50, which sum represents compensation for Plaintiff's alleged but disputed liquidated damages claim, and which amount M-B will include on a Form 1099 to Plaintiff.

(c) A check to Plaintiff's counsel, Gawthrop Greenwood, PC, in the amount of $27,680.50, of which amount $8,011.00 represents compensation for

the costs incurred in pursuing the Pending Lawsuit and $19.669.50 represents compensation for attorney's fees accrued by Plaintiff in this action. The payment amount made via check to Plaintiff's counsel will be included on separate Form 1099s to Gawthrop Greenwood, PC and Plaintiff.

2. <u>Plaintiff's Agreements</u>. Plaintiff agrees as follows:

(a) To the maximum extent permitted by law and without reservation or exception, Plaintiff hereby **RELEASES AND FOREVER DISCHARGES** M-B and each and every Company Affiliate from any and all Fair Labor Standards Act claims, known or unknown, suspected or unsuspected, that he and/or anyone acting on his behalf now holds or owns or has at any time before this date held or owned related to his employment with M-B.

(b) Within five days of receiving the checks referenced in paragraph 1, Plaintiff will dismiss with prejudice the Pending Lawsuit, with each side bearing his/its costs and attorneys' fees.

3. <u>Additional Agreements</u>. In addition to the foregoing, the parties agree as follows:

(a) Neither the existence of this Agreement nor anything contained in this Agreement shall constitute an admission of any liability on the part of M-B and/or any Company Affiliate with respect to any claim by Plaintiff, the existence of which liability is expressly denied.

(b) Should any provision of this Agreement be declared or determined by a court of competent jurisdiction to be invalid or otherwise unenforceable, the remaining parts, terms and provisions shall continue to be valid, legal and enforceable, and will be performed and enforced to the fullest extent permitted by law.

(c) This Agreement shall become final and binding upon execution by both parties and approval by the Court ("Effective Date").

(d) This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania.

(e) This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which shall constitute together one and the same Agreement.

(f) The parties are not relying on any representation of any other party not contained herein and, in the event of any dispute concerning this Agreement, the parties shall be considered joint authors and no provision shall be interpreted against any party because of alleged authorship.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year indicated below.

Date: _____          _____
                              Ryan Hunter




Date: 6/12/2020               _____
                              M-B Companies, Inc.

IN WITNESS WHEREOF, the parties have executed this Agreement on **the day and year** indicated below.

Date: 6/10/2020

_____
Ryan Hunter

Date: _____

_____
M-B Companies, Inc.

KCP-8237171-1

3