IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN HUNTER, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.: 19-cv-04838 |
| | : | |
| M-B COMPANIES, INC., a/k/a, | : | |
| M-B COMPANIES OF WISCONSIN, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**LYNNE A. SITARSKI**
**U. S. MAGISTRATE JUDGE**                                                                 **July 20, 2020**

Presently before the Court is the Parties' Joint Motion for Approval of Settlement under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment & Collection Law ("WPCL"). (Joint Motion, ECF No. 22, at 1). For the reasons set forth below, the Parties' Motion is GRANTED and the Settlement Agreement is approved.

**I.        FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Ryan Hunter, worked as a Service Technician for Defendant, M-B Companies, Inc., from January 26, 2016, to May 3, 2019. (Pl.'s Comp., ECF No. 1-1 at ¶ 9, ¶ 23). According to his offer letter, the position was "a salaried exempt employee" and thus exempt from the overtime requirements of the FLSA. (*Id.* at ¶ 10). Plaintiff maintains the duties of a Service Technician as set forth in the offer letter fall outside the FLSA's definition of "exempt" and rather describe a non-exempt blue collar position. (*Id.* at ¶ 12 a-m). Plaintiff performed his services for Defendant and was paid salary only. (*Id.* at ¶ 16). Plaintiff alleges that he regularly worked more than forty (40) hours in a workweek, often times averaging seventy-five (75) hours

per week or more, not including excludable travel time. (*Id.* at ¶ 17). Plaintiff asserts that he is entitled to pay for each hour worked in excess of 40 hours at a rate equal to one and one-half times the regular rate of pay. (Pl.'s Comp., ECF No. 1-1). Defendant denies Plaintiff's claims. (Def.'s Answer, ECF No. 2).

On September 26, 2019, Plaintiff filed a complaint against Defendant M-B Companies Inc.[1] (Pl.'s Comp., ECF No. 1-1 at ¶ 2). Plaintiff alleges Defendant did not pay Plaintiff overtime pay to which he was entitled under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment & Collection Law ("WPCL") because Defendant misclassified Plaintiff as exempt from overtime when "the job duties appended to [Plaintiff's] offer letter make clear that this position does not meet the Fair Labor Standards Act's definition of 'exempt.'" (Pl.'s Comp., ECF No. 1-1; Pl.'s Comp., ECF No. 1-1 at ¶ 12).

On May 18, 2020, the Parties reached a settlement following a settlement conference. (Order, ECF No. 18; Minute Sheet, ECF No. 19; Joint Motion, ECF No. 22 at 4). The Parties subsequently filed the instant Joint Motion for Approval of Settlement, attaching a copy of the Settlement Agreement. (Joint Motion, ECF No. 22).[2]

## II.  TERMS OF THE SETTLEMENT

"The parties agreed to compromise on their dispute about the average number of hours Plaintiff worked by applying the [fluctuating workweek ("FWW")] FWW methods to an average

---

[1] Plaintiff originally commenced this civil action in the Court of Common Pleas for Philadelphia, Pennsylvania, and it was subsequently removed to federal court. (Notice of Removal, ECF No. 1 at ¶ 1).

[2] The Parties consented to my jurisdiction pursuant to 28 U.S.C. § 636. (Consent and Order, ECF No. 12).

of 15 overtime hours per week." (Joint Motion, ECF. No 22 at 8). The parties proposed agreement provides that Defendant will pay a total of $67,049.50 to Plaintiff and Plaintiff's counsel. (FLSA Settlement Agreement, ECF No, 22-1 at 1-2). The Settlement Agreement contemplates that Plaintiff will receive a total of $39,399.00, representing $19,699.50 in overtime pay and an equal amount in liquidated damages, and Plaintiff's counsel will receive $27,710.50 in attorney's fees and case expenses. (*Id.*).

In exchange, Plaintiff agrees to release Defendant from any FLSA and state law wage claims related to his employment with Defendant. (*Id.* at 2). Within five days of receiving the checks from Defendant, Plaintiff agrees to dismiss with prejudice the Pending Lawsuit. (*Id.*).

## III.  LEGAL STANDARD

The FLSA institutes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). When employers violate the FLSA guarantees, codified at 29 U.S.C. §§ 206 and 207, employers may be liable to employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* (citing 29 U.S.C. § 216(b)).

FLSA claims may be settled by employees in two ways: (1) supervision by the Secretary of the Department of Labor, pursuant to 20 U.S.C. § 216(c), or (2) approval by the district court, pursuant to 29 U.S.C. § 216(b). *Adams v. Bayview Asset Mgmt., LLC*, 11 F.Supp.3d 474, 476 (E.D. Pa. 2014) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Third Circuit has not articulated a standard for analyzing FLSA settlements, but

District courts routinely look to the *Lynn's Food Stores* standard when a party seeks judicial approval of an FLSA settlement. *See, e.g., Howard v. Phila. House. Auth.*, 197 F.Supp.3d 773, 776 (E.D. Pa. 2016) (court applied *Lynn's Food* standard); *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3-5 (M.D. Pa. 2015) (same); *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. 2015).

Under the *Lynn's Food* standard, "[w]hen parties present to the district court a proposed settlement, the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F.Supp.2d 464, 466 (E.D. Pa. 2012) (quoting *Lynn's Food*, 679 F.2d at 1354); *see also Lyons v. Gerhard's Inc.*, No. 14-06693, 2015 WL 4378514, at *3 (E.D. Pa. 2015) (applying *Lynn's Food* standard). The Court determines if the settlement concerns a "bona fide dispute;" if it does, the Court will conduct a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employee(s), and (2) the agreement furthers the FLSA's implementation in the workplace. *See Howard*, 197 F.Supp.3d at 777; *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *2 (E.D. Pa. 2014).

**IV.     DISCUSSION**

Using this framework, the Court analyzes the proposed Settlement Agreement here. The Settlement Agreement is a fair and reasonable compromise of a bona fide dispute and furthers the FLSA's purpose. Therefore, the parties' Joint Motion is granted, and the Settlement Agreement is approved.

### A. The Settlement Resolves a Bona Fide Dispute

"A dispute is 'bona fide' where it involves 'factual issues' rather than 'legal issues such as the statutes coverage and applicability.'" *Howard v. Phila. Hous. Auth.,* 197 F.Supp.3d 773, 777 (E.D. Pa. July 18, 2016) (internal citations omitted). A proposed settlement resolves a bona fide dispute where the settlement's terms "reflect a reasonable compromise over issues, such as back wages, that are actually in dispute" and are not a "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food,* 679 F.2d at 1355. "[F]or a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus v. PA Fit II, LLC,* 155 F.Supp.3d 516, 530 (E.D. Pa. Jan. 11, 2016).

The proposed settlement resolves a bona fide dispute. The parties dispute whether Plaintiff's job duties as a Service Technician are exempt from the overtime requirements of the FLSA, as well as the amount of overtime hours worked by Plaintiff. (Joint Motion, ECF No. 22 at 4, 9-10). Plaintiff argues "his primary tasks involved manual work that did not involve the exercise of discretion and independent judgment as to matters of significance," so his duties did not satisfy any exemption. (*Id.*). Defendant contends Plaintiff's duties consisted of highly skilled activities and providing a "communication link" between the customer and Company supporting an application of the administrative exemption. (*Id.* at 5). In addition, Defendant argues that Plaintiff's deposition testimony supports an application of the learned professional exemption, which involves performance of work requiring advance knowledge in a field of science or learning acquired by specialized intellectual instruction.[3] (*Id.* at 5). Defendant points

---

[3] Defendant states that the FLSA allows for application of a "combination exemption" where an employee performed some duties that are exempt under one exemption, and other duties that are exempt under another exemption. (Joint Motion, ECF No. 22 at 6).

to Plaintiff's testimony that his role at M-B is within "a very specialized field" and "there's probably only a handful of us in the country that know what we're doing." (*Id.*). Plaintiff counters that the evidence is insufficient to support application of the learned professional exemption. (*Id.* at 6). Furthermore, the parties disagree on the number of hours that the Plaintiff worked. (*Id.*). "Plaintiff estimates he worked around 75 hours per week, while Defendant estimates he worked on average 46 hours or less per week." (*Id.*). Accordingly, given that the parties dispute the exempt status of the position and the amount of hours worked, the settlement agreement resolves a bona fide dispute. *E.g.*, *Hall v. Accolade, Inc.,* No. 17-3423, 2020 WL 1477688 at *10 (E.D. Pa. March 25, 2020) (finding a bona fide dispute when the parties disputed the overtime exempt status of a position); *Mabry,* 2015 WL 5025810 at * 2 (finding a bona fide dispute when the parties dispute the amount of overtime hours worked per week).

### B. The Settlement is Fair and Reasonable

The Court next determines if the Settlement Agreement is fair and reasonable. *Howard*, 197 F.Supp.3d at 778. In the Third Circuit, a settlement agreement is entitled to a presumption of fairness when it resulted from arm's length negotiations between experienced counsel. *Rouse v. Comcast,* 2015 WL 1725721 at *6 (E.D. Pa. April 15, 2015); *Galt v. Eagleville Hosp.,* 310 F.Supp.3d 483, 493 (E.D. Pa. April 19, 2018) (noting there is an initial presumption of fairness when a settlement results from arm's length negotiations between experienced counsel). The Court finds this Settlement Agreement is entitled to an initial presumption of fairness because, as the parties note, they "reached the above settlement after numerous settlement discussions among counsel, exchanges of information, three depositions, and a settlement conference with Judge Hey." (Joint Motion, ECF No. 22 at 10). Accordingly, the Settlement Agreement is entitled to an initial presumption of fairness. *Rouse,* 2015 WL 1725721 at *7 (concluding a

settlement resulting from "multiple days of arms-length negotiations between experienced counsel" was entitled to an initial presumption of fairness).

In regard to the reasonableness of the settlement, "the FLSA contemplates that damages shall include: (1) any unpaid overtime compensation; and (2) in addition, an equal amount as liquidated damages." *Matson v. SCO, Silver Care Operations, LLC,* 2020 WL 2553856, at *2 (D.N.J. May 20, 2020) (citing 29 U.S.C. § 216(b)). Here, the Parties disagree on the number of hours worked each week by the Plaintiff. (Joint Motion, ECF No. 22 at 6). "Because Defendant classified Plaintiff as an exempt employee and paid him on a salary basis, Defendant did not require Plaintiff to keep time records." (*Id.*). "The parties agreed to compromise on their dispute about the average number of hours worked by applying the FWW method to an average of 15 overtime hours per week." (*Id.* at 8). In applying the FWW method, Plaintiff will receive unpaid overtime compensation in a total of $19,669.50. (*Id.*). Furthermore, Plaintiff will also receive an equal amount in liquidated damages. (*Id.*).

The Court concludes that the compensation terms of the settlement are fair and reasonable. The Settlement Agreement provides "due compensation for the alleged unpaid overtime work completed by Plaintiff." *Mabry,* 2015 WL 5025810 at *2*. Defendant shall pay a total of $39,399.00 to Plaintiff which represents $19,669.50 in back pay for fifteen (15) hours of overtime for one hundred and forty-one (141) weeks, and an equal amount in liquidated damages. (Settlement Agreement, ECF No. 22-1, at 1). This settlement is reasonable because, since Defendant continues to deny liability, "resolution of these claims via trial would be expensive and difficult for Plaintiff." *Mabry,* 2015 WL 5025810 at *2. Both parties have conducted some discovery, demonstrating counsel had an appreciation of the merits and risk of proceeding to trial before negotiating the Settlement Agreement. In addition, because Defendant

did not require Plaintiff to keep time records, it will be difficult to prove at trial the amount of overtime hours Plaintiff worked. (Joint Motion, ECF No. 22 at 6). Due to the uncertainty of success faced by Plaintiff if this case proceeds, I conclude the instant Settlement Agreement is reasonable. *E.g.*, *Howard,* 197 F.Supp.3d at 778. ("Therefore, balancing the likelihood of success against the benefit of a certain settlement, a settlement of Plaintiff's FLSA claim is reasonable.").

### C. The Attorney's Fees are Reasonable

Under the FLSA, the Court "shall, in addition to any judgement awarded to the plaintiff … allow a reasonable attorney's fees to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b). "Courts determine attorney's fees under either the lodestar method or the percentage of recovery method." *Mabry,* 2015 WL 5025810 at *3 (citing *Chickie's & Pete's*, 2014 WL 911718, at *4). "The percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases." *Mabry*, 2015 WL 5025810, at *3 (citing *Keller v. TD Bank, N.A.*, No. 12-5054, 2014 WL 5591033, at *14 (E.D. Pa. Nov. 4, 2014)).

Using the percentage of recovery method, the Court concludes the requested attorney's fees are reasonable. The Settlement Agreement provides Defendant will pay Plaintiff's counsel $19,669.50 in fees, plus $8,011 in costs incurred. (Joint Motion, ECF No. 22, at 10). The fee amount represents approximately 30% of the total recovery, which is a reasonable amount in FLSA cases. *E.g.*, *Mabry*, 2015 WL 5025810, at *4 (collecting cases and noting percentage of recovery "ranges from roughly 20-45%"); *see also Rouse v. Comcast Corp.*, 2015 WL 1725721, at *12 (E.D. Pa. 2015) (approving 35% attorney's fees); *Leap v. Yoshida*, 2015 WL 619908, at *4 (approving 33% attorney's fees). Moreover, counsel in this matter conducted three depositions and attended a settlement conference with the Honorable Judge Hey, after which this

8

matter was settled, further supporting a conclusion that the requested fees are reasonable. *E.g.*, *Lyons*, 2015 WL 4378514, at *5 (approving 44% attorney's fees and costs because, *inter alia*, counsel reviewed discovery and conducted a deposition). Accordingly, I find that the requested attorney's fees are reasonable.

## V. CONCLUSION

For the foregoing reasons, I conclude that the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute which furthers the goals of the FLSA. Accordingly, the parties' Joint Motion is granted, and the Settlement Agreement is approved.

BY THE COURT:


    /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge